The **HANOVER INSURANCE COMPANY,**
a Corporation, Appellant,

v.

**Charles James JOHNSON, Appellee.**

No. 4427.

Court of Civil Appeals of Texas.

Waco.

Dec. 16, 1965.

Rehearing Denied Jan. 6, 1966.

Jones, Boyd, Westbrook & Lovelace, L. Wayne Scott, Waco, for appellant.

W. Lance Corsbie, Waco, for appellee.

WILSON, Justice.

Plaintiff recovered judgment for total and permanent incapacity under a jury verdict.

He thus described his claimed injury: he was bending, stooping or squatting to paint a water tank on his employer's premises in the course of his employment, when "a fellow that works next door" for another employer passed behind him and spoke. "We had these machines going on at the time," he said. "I turned around to see what he wanted, and the pain went plumb through here down through my leg." He testified he felt a pull in his left leg "and this part of it back here was paralyzed. I didn't have any feeling in it until I'd stood around for awhile and it started coming back. I just heard a voice behind me that holloed, and I turned around to see who it was, and that's when the pain got me."

There was evidence plaintiff had sustained a previous back injury resulting in a narrowed disc space and a protruded disc, and was suffering from a degenerative condition in the spine.

Appellant says the injury is not compensable because there is no causal connection between the injury and claimant's employment; that it does not come within the requirement of Art. 8309, Sec. 1, Vernon's Ann.Civ.St., of "having to do with and originating in the work," of the employer; that he faced no risk or hazard other than that faced by the general public; that the cause of his turning was not an incident of plaintiff's employment, i. e., it resulted, not from his work, but from curiosity.

Appellant's arguments are not without force, but, in our opinion, are untenable. The broad test for determining causal connection of the employee's injury is stated in Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 73, 28 A.L.R. 1402: "An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct" of the employer's work or business. The causal connection may be either through its activities, its conditions or its environments, and the " 'risk may be no different in degree or kind than those to which he may be exposed outside of his employment. The injury is compensable, not because of the extent or particular character of the hazard, but because it exists as one of the conditions of the employment.' " Garcia v. Texas Indemnity Ins. Co., 146 Tex. 413, 209 S.W.2d 333, 337.

It is held that strains, sprains, wrenches and twists due to unexpected, undesigned or fortuitous events, even where there is no overexertion, and the employee

**906**

is predisposed to such a lesion, are compensable. 99 C.J.S. Workmen's Compensation § 183, pp. 617–619. In our opinion the reason for plaintiff's turning and the turn were incidents of his employment.

Error is assigned to exclusion of evidence to the effect that the woman with whom plaintiff was living was not his wife. Appellant tendered the evidence after plaintiff testified that after his claimed injury he was "hurting so bad" his "wife" had to help him out of the car, and called a doctor. Appellant says the evidence should have been admitted to contradict plaintiff's account of the circumstances surrounding the accident.

It is widely held that a witness may not ordinarily be cross-examined concerning specific sexual irregularities for the purpose of affecting his credibility, 58 Am. Jur., Witnesses, Sec. 765, p. 416, 98 C.J.S. Witnesses, §§ 502, 505. See Garza v. Garza, Tex.Civ.App., 109 S.W.2d 1079, writ dism. It is held also that the general test for determining whether impeachment evidence relates to a collateral matter so as to justify its exclusion is whether the party seeking to introduce it would be entitled to prove it as a part of his own case. 58 Am.Jur., Witnesses, Sec. 785, p. 533; 98 C.J.S. Witnesses § 633, p. 654; 62 Tex.Jur.2d, Witnesses, Sec. 186, p. 97. Evidence which bears upon the story of a witness with force enough to have "appreciable value in determining whether or not that story is true" is said not to be on a collateral issue. Gulf C. & S. F. Ry. Co. v. Matthews, 100 Tex. 63, 93 S.W. 1068, 1070. In our opinion the excluded evidence was admissible, but its exclusion was within the court's discretion, and we are unable to say, under the present record, that the court abused its discretion in excluding it, or that the action constituted reversible error.

Jury argument of claimant's counsel has caused us much concern. In our opinion much of it was erroneous. The question is whether it requires reversal. The argument has been carefully considered with the en-tire record, and, with doubt, we are unable to clearly conclude the argument probably induced rendition of an improper judgment. All of appellant's points are overruled.

Affirmed.

TIREY, J., not sitting.